UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| WILLIAM D. HAMBY, JR., PATRICK MERIWEATHER, and THOMAS B. SHIRLEY, <br><br> Plaintiffs, <br><br> v. <br><br> KEVIN PEDDICORD and MICHAEL PARRIS, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) No.: 3:19-cv-531-HSM-HBG |

**MEMORANDUM OPINION**

This pro se prisoners' complaint under 42 U.S.C. § 1983 was jointly filed by Plaintiffs Hamby, Meriweather, and Shirley. On December 27, 2019, this Court sent each Plaintiff a notice that he was required to either pay the filing fee or apply to proceed *in forma pauperis* within twenty (20) days, or this action would be closed [Doc. 2]. Plaintiff Hamby subsequently filed a motion for leave to proceed *in forma pauperis* that was denied pursuant to the three-strikes provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), and he was dismissed from this action [Docs. 3 and 4]. The deadline to comply with the Court's notice of deficiency has passed as to the remaining Plaintiffs, and neither of the remaining Plaintiffs have paid the filing fee or applied to proceed *in forma pauperis*.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiffs Meriweather and Shirley have willfully failed to respond to the Court's notice. As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Defendants have not been prejudiced by Plaintiffs Meriweather and Shirley's failure to comply with the Court's notice.

As to the third factor, the Court warned Plaintiffs that the Court would dismiss this case if the filing deficiency was not cured [Doc. 2].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective, because it does not appear to the Court that the remaining Plaintiffs initiated this lawsuit. Rather, the jointly filed complaint is solely in Plaintiff Hamby's handwriting, and the purported signatures of Meriweather and Shirley likewise appear to be by the same hand [*See, e.g.,* Doc. 1-1]. Therefore, the Court finds that there is no indication in this case that Plaintiffs Meriweather or Shirley have authorized their participation in the instant suit, and this factor weighs in favor of dismissal.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of this action pursuant to Rule 41(b).

The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

>     */s/ Harry S. Mattice, Jr.*
> HARRY S. MATTICE, JR.
> UNITED STATES DISTRICT JUDGE